UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE RAYMUNDO CRUZ MEJIA,

Petitioner,

v.

WARDEN OF IMPERIAL REGIONAL FACILITY,

Respondent.

Case No.:  26cv0989-LL-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 1]

Before the Court is Petitioner Jose Raymundo Cruz Mejia's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")], alleging that he is wrongfully detained under 8 U.S.C. § 1225(b)(2), and that he is a member of the Bond Eligible Class of *Maldonado Bautista v. Noem*, No. 25cv1873-SSS-BFM (C.D. Cal.), who are deemed to be detained under 8 U.S.C. § 1226(a). Pet. at 4–6. He seeks a writ of habeas corpus directing Respondent to provide him with a bond hearing. *Id.* at 5.

Respondent filed a Return in which he acknowledges that Petitioner is detained under 8 U.S.C. § 1226(a) and entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a). ECF No. 6.

The Court finds Petitioner is wrongfully detained under 8 U.S.C. § 1225(b). As a noncitizen who, at the time of his detention, had been present in the United States for almost ten years, Petitioner was and is subject to 8 U.S.C. § 1226(a), which states that a noncitizen

1

"may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." ECF No. 1-3 at 1; 8 U.S.C. § 1226(a). By contrast, 8 U.S.C § 1225(b) applies to noncitizens arriving at the border or who very recently entered the United States. *See Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025). As the Supreme Court explained, the government may "detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)," while § 1226(a) allows the government to "detain certain aliens *already in the county* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). The Court adopts its reasoning stated in *Beltran v. Noem* on this issue. *Id.* at *4–7.

Accordingly, the Court **ORDERS** as follows:

1.    Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.

2.    Respondent shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the date of this order.

   a.    At any such hearing, the immigration judge **SHALL NOT** deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

   b.    The immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

   c.    Respondent **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (citing *Singh*, 638 F.3d at 1200).

///

///

///

26cv0989-LL-SBC

3.  The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated:  April 22, 2026

_____

Honorable Linda Lopez
United States District Judge

26cv0989-LL-SBC